UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM "KEVIN" MOREY,

    Plaintiff,

v.                                                     CASE NO.: 8:16-cv-3232-T-23AEP

ROBERT A. MCDONALD, Secretary,
Department of Veterans Affairs, et al.,

    Defendants.
_____/

**ORDER**

    William "Kevin" Morey worked for the Department of Veterans Affairs until the department terminated his employment in September 2013. Morey complained to the department about his dismissal, but in a final agency decision (Doc. 26-4) the department finds that Morey failed to establish disability discrimination or retaliation. Morey sues (Doc. 21) Robert A. McDonald, Secretary of Veterans Affairs, under Title VII for disability discrimination and under the Rehabilitation Act for retaliation and hostile work environment.

    Morey alleges (a) that McDonald discriminated by denying Morey a reasonable accommodation on more than two dozen occasions and (b) that the denials of a reasonable accommodation and McDonald's "forcing or engaging in

illusory settlements [with Morey]" constitute a hostile work environment (Doc. 21 at 22). Morey adds that his termination was an act of retaliation for engaging in activity protected by Title VII and by the Rehabilitation Act. On April 11, 2012, Morey signed (Doc. 26-1 at 4) a mediation settlement and waived "any and all actions, claims, complaints, EEO [equal employment opportunity] complaints, grievances, appeals and proceedings of whatever nature against the Agency. . . [Morey] has not waived any rights or claims that may arise after the date [the] agreement is signed." (Doc. 26-1 at 3). On March 22, 2013, Morey signed (Doc. 26-2 at 4) a second mediation settlement agreement, which contains an identical waiver. According to Morey, the mediation agreements and the circumstances under which they were signed constitute disability discrimination and retaliation. McDonald moves under Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, to dismiss Counts I and II "in part" and to dismiss Count III.

**Disability discrimination and retaliation**

    **A. Subject-matter jurisdiction**

Responding to Morey's allegation of disability discrimination and retaliation between January 2011 and September 2013, McDonald asserts (1) that the settlements bar Morey's alleging disability discrimination and retaliation, both of which occurred before March 22, 2013, and (2) that because of the settlements Morey

fails to invoke subject-matter jurisdiction because no case or controversy exists for conduct that occurred before March 22, 2013.

Although perhaps barring Morey's claim for some other reason, the settlement agreements are wholly incompetent to affect the district court's subject matter jurisdiction, which results from a grant by the Constitution and the statutes of the power to adjudicate specific classes of disputes. For example, the unripeness of a dispute for adjudication, the lack of a party's standing to assert a claim, a party's failure to satisfy a condition precedent to asserting a claim, and similar disabilities might result in a party's failing successfully to invoke subject matter jurisdiction, but the defect causing the resulting dismissal is not lack of subject matter jurisdiction, that is, not a lack of the court's organic power to adjudicate the class of cases that includes the dispute, but the failure or inability of a particular party asserting a particular claim at a particular time to invoke the power of adjudication granted to the court by the Constitution and the statutes. *See generally*, *Santiago-Lugo v. Warden*, 785 F.3d 467, 471–475 (11th Cir. 2015).

### B. Failure to exhaust administrative remedies

Before suing under Title VII or the Rehabilitation Act, a federal employee must exhaust administrative remedies. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Under 29 C.F.R. § 1614.105(a)(1), an aggrieved employee must complain to a "counselor" within forty-five days of the alleged discrimination.

McDonald argues that Morey failed to exhaust administrative remedies because the final agency decision (Doc. 26-4) lacks analysis (1) of Morey's failure to accommodate allegations, (2) of Morey's mediation conduct allegations, and (3) of Morey's settlement agreement allegations. (Doc. 26 at 8) McDonald states that the final agency decision "only addresses Plaintiff's termination." (Doc. 26 at 2)

## I. Failure to accommodate

The final agency decision states:

> [Morey] alleges that the Agency's unlawful denial of his reasonable accommodation request forced him to stop going to work. . . . He asserts that but for the denial of his reasonable accommodation request, he would have [maintained] attendance . . . we do not have jurisdiction to adjudicate that issue, which is before the EEOC.

(Doc. 26-4 at 9) But the Department of Veterans Affairs' notice of partial acceptance (Doc. 26-3), which identifies the EEO claims accepted by the Department, notes "reasonable accommodation request." (Doc. 26-3 at 2)

Asserting that "[t]he discrete acts occurring before March 22, 2013 are . . . prior to the forty-five day window for exhausting administrative complaints," McDonald argues that "the earlier allegations of failing to accommodate should be dismissed . . . for not exhausting administrative remedies by filing a timely claim."[*]

---

[*] In a similar motion (Doc. 8) to dismiss, McDonald includes a convoluted argument that he "seeks to dismiss allegations of failure to provide reasonable accommodations prior to the March 22, 2013 agreement—rather than 45 days before the date of contacting an EEO counselor—because the agency previously accepted allegations for review earlier than the 45-day period that were part of an alleged recurring denial of reasonable accommodations back to February 15, 2013, but does not appear to have considered the March 22, 2013 settlement agreement in its analysis." (Doc. 8 at 7)

- 4 -

(Doc. 26 at 9; Doc. 8 at 7)  McDonald's argument lacks merit.  Rather than constituting "discrete acts" that were not raised and are therefore dismissible as "independently actionable claim[s]," the allegations of failure to accommodate Morey's disability are "sufficiently related to the overall pattern of harassment as [they involve] the same management officials and [are] inextricably intertwined with the remaining events and [are] included for consideration in the analysis of the harassment claim."  (Doc. 26-3 at 3)

On February 18, 2014, the Department appeared to accept Morey's complaint about an "ongoing" refusal to "process and approve the . . . reasonable accommodation request."  (Doc. 26-3 at 2)  Therefore, Morey exhausted the administrative remedy on his allegation of a failure to accommodate.

## II.  The mediation and the settlement agreements

The department's notice (Doc. 26-3) lacks mention of mediation or the settlement agreements.  The record fails to show that Morey complained to the Department about either the conduct of the mediations or the settlement agreements.  Therefore, Morey appears to have failed to exhaust his administrative remedy on either.  Morey must amend the complaint to remove an allegation that the mediations and the settlement agreements constitute discrete acts of disability discrimination and retaliation.

**III. The validity of the settlement agreements**

The waiver of a Title VII claim is closely scrutinized, and in determining whether a waiver is "knowingly" and "voluntarily" signed, the "totality of the circumstances" are examined. *Puentes v. United Parcel Service, Inc.*, 86 F.3d 196, 198 (11th Cir. 1996). The enforceability of a waiver depends on:

> the plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

*Beadle v. City of Tampa*, 42 F.3d 633, 635 (11th Cir. 1995).

Morey challenges the validity of the waiver on the ground that the agreements lacked consideration, that Morey suffered from "memory issues and . . . fatigue from anxiety," and that Morey signed the settlement under duress and without knowledge of the settlement's contents. (Doc. 30 at 9–10) Morey argues that the Department "bargained" with him in "one day." (Doc. 30 at 12) *Puentes* holds that twenty-four hours to decide whether to sign a release is insufficient because such a short time-frame "substantially impede[s]" one's ability to consult a lawyer.

A factual dispute exists because Morey plausibly challenges the waiver's validity. Therefore, the issue must await resolution after further discovery and perhaps on a motion for summary judgment. Subject to further adjudication to the

- 6 -

contrary, Morey may assert a claim for disability discrimination and for retaliation based on conduct before March 22, 2013.

**Hostile work environment**

    **A. Failure to exhaust administrative remedies**

Although the final agency decision appears not to address Morey's hostile work environment allegation, the Department's notice of partial acceptance discusses hostile work environment. (Doc. 26-3 at 2–3) Thus, Morey exhausted his administrative remedy.

    **B. Failure to sue timely**

Under 29 C.F.R. § 1614.310(a), Morey can sue in district court within thirty days after receipt of the agency decision. Morey received the agency's decision on October 21, 2016. Morey failed to allege hostile work environment in the November 18, 2016 complaint. In the amended complaint submitted February 6, 2017, Morey adds a claim for hostile work environment. Rule 15(c)(1)(B) provides that "an amendment to a pleading relates back to the date of the original pleading" when the amendment derives from the "conduct, transaction, or occurrence set out" in the original pleading. Morey's hostile work environment claim derives from the same facts and course of conduct as the claims in the original complaint.

In determining whether a claim arises out of the same "conduct, transaction, or occurrence," an order must consider (1) whether the defendant knew about the new claim and (2) whether in support of the later claim the plaintiff relies on the "same kind" of evidence offered in support of the original claim. *Moore's Federal Practice*, Vol. 3, § 15.19[2] (3d ed. 2016). McDonald knows about the claim McDonald purportedly asserts, and Morey will rely on the "same kind" of evidence offered in support of the original complaint. Therefore, Morey's claim for hostile work environment "relates back."

### C. Failure to state a claim

To plead a hostile work environment claim, the plaintiff must allege (1) that he was disabled; (2) that he was subjected to unwelcome harassment; (3) that the harassment was because of the plaintiff's disability; and (4) that the harassment was "sufficiently severe or pervasive" to alter a term and condition of employment and to create a "discriminatorily abusive" workplace. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). McDonald asserts that Morey alleges harassment that was "sporadic" and not "severe and pervasive." (Doc. 26 at 13–14)

Harassment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). The hostility of a work environment is measured by the frequency and severity of the

alleged conduct, by whether the alleged conduct is physically threatening or humiliating, and by whether the alleged conduct unreasonably interferes with the employee's job performance. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th. Cir. 1999). A plaintiff must allege that the workplace environment is "hostile and deeply repugnant" and not "merely unpleasant." *Hopkins v. Baltimore Gas and Elec. Co.*, 77 F.3d 745, 753 (4th Cir. 1996) (Wilkinson, J.).

Morey alleges "forced absen[ce]," lack of accommodation for a severe medical disorder, more than thirty instances of unsuccessfully requesting an accommodation, "forced" usage of more than five months leave in 2013, and the demand for a time-pressured settlement agreement from "a disabled veteran [Morey] with memory and fatigue disabilities." (Doc. 30 at 15) Assuming the truth of the complaint and indulging reasonable inferences in Morey's favor, the facts alleged in the complaint (1) sufficiently establish regular rather than sporadic occurrences and (2) adequately describe events sufficiently "severe and pervasive" to allege a plausible claim for hostile work environment.

## CONCLUSION

McDonald's motion (Doc. 26) to dismiss is **GRANTED IN PART**. Counts I and II are **DISMISSED**. Also, Morey announces (Doc. 43) a voluntary dismissal of Witty and Wax. Construed as a motion (Doc. 43) under Rule 21 to drop a party, the claims against Witty and Wax are **DISMISSED**. Construed as a motion to dismiss

Count IV of the amended complaint, Morey's motion (Doc. 43) to dismiss is **GRANTED**. McDonald's January 18, 2017 motion (Doc. 8) to dismiss the complaint is **DENIED AS MOOT**. Wax and Witty's motion (Doc. 41) to dismiss the amended complaint is **DENIED AS MOOT**.

No later than **AUGUST 1, 2017**, Morey must amend the complaint and remove Count IV. Morey must amend Counts I and II to omit an allegation that the mediations and the settlement agreements evidence discrimination and retaliation. Morey may not add a new claim.

ORDERED in Tampa, Florida, on June 29, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE